LAW OFFICES
BROENING OBERG WOODS & WILSON
PROFESSIONAL CORPORATION
2800 NORTH CENTRAL AVENUE, SUITE 1600
PHOENIX, ARIZONA 85004
(602) 271-7700

Robert T. Sullivan/Bar No. 022719
rts@bowwlaw.com
Jeremiah M. Sullivan (038569)
jms@bowwlaw.com
Minute Entries/Orders
cjg@bowwlaw.com
*Attorneys for Defendant Prospect Airport Services, Inc.*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Douglas Heir,<br><br>          Plaintiff,<br><br>vs.<br><br>American Airlines Group, Inc., a Delaware corporation doing business in Arizona, American Airlines, Inc., a Delaware corporation doing business in Arizona; Prospect Airport Services, Inc., an Illinois corporation doing business in Arizona, John Does I-X; Jane Does I-X; Black and White Corporations I-X; and ABC Partnerships I-X,<br><br>          Defendants. | **No. 2:24-cv-03492-PHX-ROS**<br><br>**DEFENDANT PROSPECT AIRPORT SERVICES, INC.'S ANSWER** |

      Defendant Prospect Airport Services, Inc. (hereinafter "Prospect" or "Defendant"), for its Answer to Plaintiff's Complaint, admits, alleges and denies as follows:

## PARTIES

    1.    Prospect admits Paragraph 1.

2. Responding to Paragraphs 2 through 14, 18 through 21, and 24, Prospect maintains that the allegations contained in these Paragraphs neither require an admission nor denial from Prospect.

3. *See* Paragraph 2, *supra*.

4. *See* Paragraph 2, *supra*.

5. *See* Paragraph 2, *supra*.

6. *See* Paragraph 2, *supra*.

7. *See* Paragraph 2, *supra*.

8. *See* Paragraph 2, *supra*.

9. *See* Paragraph 2, *supra*.

10. *See* Paragraph 2, *supra*.

11. *See* Paragraph 2, *supra*.

12. *See* Paragraph 2, *supra*.

13. *See* Paragraph 2, *supra*.

14. *See* Paragraph 2, *supra*.

15. Responding to Paragraph 15, Prospect affirmatively alleges that it was, and still is, a foreign corporation that conduct business in the State of Arizona. Prospect further alleges that it is incorporated under the laws of Delaware and its principal of place business is Illinois.

16. Prospect admits Paragraph 16.

17. Prospect admits Paragraph 17. By admitting Paragraph 17, Prospect expressly preserves and does not waive its right to challenge personal jurisdiction if further investigation and discovery reveal facts that establish a lack of personal jurisdiction over Prospect in this lawsuit. Moreover, Prospect affirmatively alleges that whether its contacts with the State of Arizona establish that it could reasonably anticipate being haled into court in Arizona should be determine on a case-by-case basis.

18. *See* Paragraph 2, *supra*.

19. *See* Paragraph 2, *supra*.

20. *See* Paragraph 2, *supra*.

21. *See* Paragraph 2, *supra*.

22. Paragraph 22 contains a statement and/or interpretation of law that neither requires an admission nor denial. To the extent an answer is required, Prospect admits that it is vicariously liable for the negligent actions of its employees acting within the course and scope of their employment. Despite this admission, Prospect denies any claim for negligence alleged against its employees in Plaintiff's Complaint.

23. Responding to Paragraph 23, Prospect maintains that the allegations contained in Paragraph 23 neither require an admission nor denial from Prospect. To the extent Paragraph alleges that Prospect was negligent, Prospect denies Paragraph 23.

24. *See* Paragraph 2, *supra*.

## JURISDICTION AND VENUE

25. Prospect admits Plaintiff's alleged damages exceed the jurisdictional minimum; however, affirmatively denies that any alleged damages are not causally related to any conduct by Prospect.

26. Prospect admits Paragraph 26.

27. Responding to Paragraph 27, Prospect maintains that the allegations in Paragraph 27 are sufficiently vague, and thus neither an admission nor denial is required.

28. Prospect admits Paragraph 28.

29. Prospect admits Paragraph 29.

## FACTUAL ALLEGATIONS

**A. Doug Heir is an Inspiring Figure Who Has Overcome Tremendous Challenges**

30. Responding to Paragraphs 30 through 51, Prospect is without sufficient information to admit or deny the allegations in Paragraphs 30 through 51, and therefore denies the same.

31. *See* Paragraph 30, *supra.*
32. *See* Paragraph 30, *supra.*
33. *See* Paragraph 30, *supra.*
34. *See* Paragraph 30, *supra.*
35. *See* Paragraph 30, *supra.*
36. *See* Paragraph 30, *supra.*
37. *See* Paragraph 30, *supra.*
38. *See* Paragraph 30, *supra.*
39. *See* Paragraph 30, *supra.*
40. *See* Paragraph 30, *supra.*
41. *See* Paragraph 30, *supra.*
42. *See* Paragraph 30, *supra.*
43. *See* Paragraph 30, *supra.*
44. *See* Paragraph 30, *supra.*
45. *See* Paragraph 30, *supra.*
46. *See* Paragraph 30, *supra.*
47. *See* Paragraph 30, *supra.*
48. *See* Paragraph 30, *supra.*
49. *See* Paragraph 30, *supra.*
50. *See* Paragraph 30, *supra.*
51. *See* Paragraph 30, *supra.*

**B. The Federal Government Has Enacted Laws and Promulgated Regulations to Protect the Rights of People that Use Wheelchairs When They Fly.**

52. Prospect admits Paragraph 52

53. The allegations in Paragraphs 53 through 58 contain a statement and/or interpretation of law that neither require an admission nor denial.

54. *See* Paragraph 53, *supra.*

55. *See* Paragraph 53, *supra.*

56. *See* Paragraph 53, *supra.*

57. *See* Paragraph 53, *supra.*

58. *See* Paragraph 53, *supra.*

**C. American Airlines Claims They Provide "Accessible Travel."**

59. Responding to Paragraphs 59 through 64, Prospect maintains that the allegations contained in these Paragraphs neither require an admission nor denial from Prospect.

60. *See* Paragraph 59, *supra*.

61. *See* Paragraph 59, *supra*.

62. *See* Paragraph 59, *supra*.

63. *See* Paragraph 59, *supra*.

64. *See* Paragraph 59, *supra*.

**D. American Airlines Has a Troubled History of Providing Access and the Department of Transportation Has Levied Record Fines in the Amount of $50 Million.**

65. Responding to Paragraphs 65 through 95, Prospect maintains that the allegations contained in these Paragraphs neither require an admission nor denial from Prospect.

66. *See* Paragraph 66, *supra*.

67. *See* Paragraph 66, *supra*.

68. *See* Paragraph 66, *supra*.

69. *See* Paragraph 66, *supra*.
70. *See* Paragraph 66, *supra*.
71. *See* Paragraph 66, *supra*.
72. *See* Paragraph 66, *supra*.
73. *See* Paragraph 66, *supra*.
74. *See* Paragraph 66, *supra*.
75. *See* Paragraph 66, *supra*.
76. *See* Paragraph 66, *supra*.
77. *See* Paragraph 66, *supra*.
78. *See* Paragraph 66, *supra*.
79. *See* Paragraph 66, *supra*.
80. *See* Paragraph 66, *supra*.
81. *See* Paragraph 66, *supra*.
82. *See* Paragraph 66, *supra*.
83. *See* Paragraph 66, *supra*.
84. *See* Paragraph 66, *supra*.
85. *See* Paragraph 66, *supra*.
86. *See* Paragraph 66, *supra*.
87. *See* Paragraph 66, *supra*.
88. *See* Paragraph 66, *supra*.
89. *See* Paragraph 66, *supra*.
90. *See* Paragraph 66, *supra*.
91. *See* Paragraph 66, *supra*.
92. *See* Paragraph 66, *supra*.
93. *See* Paragraph 66, *supra*.
94. *See* Paragraph 66, *supra*.

95.     *See* Paragraph 66, *supra*.

### E. **Doug Sustained Physical Injuries and Underwent Surgeries on October 31, 2022 as a Result of Defendants' Negligence.**

96.     Responding to Paragraphs 96 through 107, 111 through 118, and 120 through 152, Prospect is without sufficient information to admit or deny the allegations in these Paragraphs, and therefore denies the same. Prospect will supplement its Answer as needed.

97.     *See* Paragraph 96, *supra*.

98.     *See* Paragraph 96, *supra*.

99.     *See* Paragraph 96, *supra*.

100.    *See* Paragraph 96, *supra*.

101.    *See* Paragraph 96, *supra*.

102.    *See* Paragraph 96, *supra*.

103.    *See* Paragraph 96, *supra*.

104.    *See* Paragraph 96, *supra*.

105.    *See* Paragraph 96, *supra*.

106.    *See* Paragraph 96, *supra*.

107.    *See* Paragraph 96, *supra*.

108.    Responding to Paragraph 108, Prospect is currently without sufficient knowledge and information to form a belief as to the truthfulness of the allegations contained within Paragraph 108, and therefore denies the same. Prospect will amend this Answer as needed.

109.    Responding to Paragraph 109, Prospect maintains that the allegations contained in Paragraph 109 neither require an admission nor denial from Prospect.

110.    Paragraph 110 contains a statement and/or interpretation of law, and thus, neither requires an admission nor denial. *See Hogue v. City of Phoenix*, 240 Ariz. 277, 279, ¶ 8, 378 P.3d 720, 722 (App. 2016) ("Whether a duty exists is a purely legal issue.")

111. *See* Paragraph 96, *supra.*
112. *See* Paragraph 96, *supra.*
113. *See* Paragraph 96, *supra.*
114. *See* Paragraph 96, *supra.*
115. *See* Paragraph 96, *supra.*
116. *See* Paragraph 96, *supra.*
117. *See* Paragraph 96, *supra.*
118. *See* Paragraph 96, *supra.*
119. Prospect denies Paragraph 119.
120. *See* Paragraph 96, *supra.*
121. *See* Paragraph 96, *supra.*
122. *See* Paragraph 96, *supra.*
123. *See* Paragraph 96, *supra.*
124. *See* Paragraph 96, *supra.*
125. *See* Paragraph 96, *supra.*
126. *See* Paragraph 96, *supra.*
127. *See* Paragraph 96, *supra.*
128. *See* Paragraph 96, *supra.*
129. *See* Paragraph 96, *supra.*
130. *See* Paragraph 96, *supra.*
131. *See* Paragraph 96, *supra.*
132. *See* Paragraph 96, *supra.*
133. *See* Paragraph 96, *supra.*
134. *See* Paragraph 96, *supra.*
135. *See* Paragraph 96, *supra.*
136. *See* Paragraph 96, *supra.*

137. *See* Paragraph 96, *supra.*

138. *See* Paragraph 96, *supra.*

139. *See* Paragraph 96, *supra.*

140. *See* Paragraph 96, *supra.*

141. *See* Paragraph 96, *supra.*

142. *See* Paragraph 96, *supra.*

143. *See* Paragraph 96, *supra.*

144. *See* Paragraph 96, *supra.*

145. *See* Paragraph 96, *supra.*

146. *See* Paragraph 96, *supra.*

147. *See* Paragraph 96, *supra.*

148. *See* Paragraph 96, *supra.*

149. *See* Paragraph 96, *supra.*

150. *See* Paragraph 96, *supra.*

151. *See* Paragraph 96, *supra.*

152. *See* Paragraph 96, *supra.*

## **COUNT ONE – NEGLIGENCE AND GROSS NEGLIGENCE**

153. Prospect incorporates by reference each of he preceding paragraphs as though fully set forth herein.

154. Paragraph 154 contains a statement of law, and thus requires neither admission nor denial. To the extent an answer is required, Prospect recognizes that Arizona law recognizes the existence of special relationships between common carriers and passengers; however, Prospect denies that any such relationship existed between Defendant and Prospect.

155. Responding to Paragraph 155, Prospect maintains that the allegations contained in Paragraph 155 neither require an admission nor denial from Prospect.

156. Paragraphs 156 through 160 contain statements and/or interpretations of law, and thus require neither an admission nor denial.

157. *See* Paragraph 156, *supra.*

158. *See* Paragraph 156, *supra.*

159. *See* Paragraph 156, *supra.* Moreover, upon information and belief, Paragraph 159 is alleged against Defendants American Airlines Group and American Airlines, and thus neither an admission nor denial is required. To the extent Prospect is required to answer, it affirmatively maintains that it complied with any duty it may have own to Plaintiff, to the extent one even existed.

160. *See* Paragraph 156, *supra.*

161. Prospect denies Paragraph 161.

162. Prospect denies Paragraph 162.

163. Prospect denies Paragraph 163.

164. Responding to Paragraph 164, Prospect is without sufficient information to admit or deny the allegations in Paragraph 164, and therefore denies the same.

165. Responding to Paragraph 165, Prospect is without sufficient information to admit or deny the allegations in Paragraph 165, and therefore denies the same.

166. Prospect denies Paragraphs 166 through 172. Further responding to these Paragraphs, Prospect affirmatively alleges it was not negligent. Moreover, Prospect is without sufficient information to admit or deny the existence or nature of any of Plaintiff's alleged injuries detailed in these Paragraphs, and therefore denies any allegations relating to these injuries.

167. *See* Paragraph 166, *supra*.

168. *See* Paragraph 166, *supra*.

169. *See* Paragraph 166, *supra*.

170. *See* Paragraph 166, *supra*.

171. *See* Paragraph 166, *supra*.

172. *See* Paragraph 166, *supra*.

## COUNT TWO – NEGLIGENCE *PER SE*

173. Prospect incorporates by reference each of he preceding paragraphs as though fully set forth herein.

174. Responding to Paragraphs 174 through 184, Prospect maintains that the allegations contained in these Paragraphs are alleged against Defendants American Airlines and American Airlines Group, and therefore neither require an admission nor denial from Prospect. To the extent any of the allegations contained in these Paragraphs are against Prospect, such allegations are expressly denied.

175. *See* Paragraph 174, *supra.*

176. *See* Paragraph 174, *supra.*

177. *See* Paragraph 174, *supra.*

178. *See* Paragraph 174, *supra.*

179. *See* Paragraph 174, *supra.*

180. *See* Paragraph 174, *supra.*

181. *See* Paragraph 174, *supra.*

182. *See* Paragraph 174, *supra.*

183. *See* Paragraph 174, *supra.*

184. *See* Paragraph 174, *supra.*

## COUNT THREE – NEGLIGENT UNDERTAKING

185. Prospect incorporates by reference each of he preceding paragraphs as though fully set forth herein.

186. Responding to Paragraph 186, Prospect maintains that the allegations contained in Paragraph 186 are sufficiently vague that neither an admission nor denial is required because this Paragraph merely lumps all "Defendants" together without specifying the

specific allegation against Prospect. To the extent the allegations in Paragraph 186 are directed against Prospect, Prospect maintains that Paragraph 186 contains a statement and/or interpretation of law that neither requires an answer nor denial. Furthermore, Prospect affirmatively alleges that it complied with any duty it owed to Plaintiff at all relevant times alleged in the Complaint.

187.    Responding to Paragraphs 187 and 188, Prospect maintains that the allegations contained in these Paragraphs neither require admission nor denial from Prospect.

188.    *See* Paragraph 187, *supra.*

189.    Responding to Paragraph 189, Prospect admits that it trained employees on wheelchair passenger safety in the boarding and deplaning process; however, it expressly denies that it was involved in Plaintiff's boarding from the aircraft during any relevant time.

190.    Paragraph 190 contains a statement and/or interpretation of law that requires neither admission nor denial. To the extent an answer is required, Prospect affirmatively alleges that it complied with any duty owed to Plaintiff.

191.    Responding to Paragraph 191, Prospect maintains that the allegations contained in Paragraph 191 are sufficiently vague that neither an admission nor denial is required because this Paragraph merely lumps all "Defendants" together without specifying the specific allegation against Prospect. To the extent an answer to Paragraph 191 is required, Prospect admits that any compliance programs implemented by it were intended to protect airline passengers that use wheelchairs.

192.    Responding to Paragraph 192, Prospect maintains that the allegations contained in Paragraph 192 are sufficiently vague that neither an admission nor denial is required because this Paragraph merely lumps all "Defendants" together without specifying the specific allegation against Prospect. To the extent an answer is required, Prospect denies Paragraph 192.

193. Responding to Paragraph 193, Prospect maintains that the allegations contained in Paragraph 193 are sufficiently vague that neither an admission nor denial is required because this Paragraph merely lumps all "Defendants" together without specifying the specific allegation against Prospect. To the extent an answer is required, Prospect denies Paragraph 193.

194. Responding to Paragraphs 194, 195, and 196, Prospect maintains that the allegations contained in Paragraphs these Paragraphs are sufficiently vague that neither an admission nor denial is required because this Paragraph merely lumps all "Defendants" together without specifying the specific allegation against Prospect. Prospect admits that it affirmatively and voluntarily undertook responsibility to assist wheelchair passengers with safely boarding and deplaning from an aircraft; however, it expressly denies that it was involved in Plaintiff's boarding the aircraft during any relevant time.

195. *See* Paragraph 194, *supra*.

196. Responding to Paragraph 196, Prospect maintains that the allegations contained in Paragraph 196 are sufficiently vague that neither an admission nor denial is required because this Paragraph merely lumps all "Defendants" together without specifying the specific allegation against Prospect. To the extent an answer is required, Prospect denies Paragraph 196.

197. *See* Paragraph 194, *supra*.

198. Responding to Paragraph 198, Prospect maintains that the allegations contained in Paragraph 198 are sufficiently vague that neither an admission nor denial is required because this Paragraph merely lumps all "Defendants" together without specifying the specific allegation against Prospect. To the extent an answer is required, Prospect denies Paragraph 198, and affirmatively alleges that it did not fail to exercise reasonable care at any relevant time.

199. Responding to Paragraph 199, Prospect maintains that the allegations contained in Paragraph 198 are sufficiently vague that neither an admission nor denial is required because this Paragraph merely lumps all "Defendants" together without specifying the specific allegation against Prospect. To the extent an answer is required, Prospect denies Paragraph 199.

200. Responding to Paragraph 200, Prospect is without sufficient information to admit or deny the allegations in Paragraph 200, and therefore denies the same.

201. Responding to Paragraph 201, Prospect is without sufficient information to admit or deny the allegations in Paragraph 201, and therefore denies the same.

202. Prospect denies Paragraphs 202 through 206. Further responding to these Paragraphs, Prospect affirmatively alleges it is not liable under a theory of negligent undertaking. Moreover, Prospect is without sufficient information to admit or deny the existence or nature of any of Plaintiff's alleged injuries detailed in these Paragraphs, and therefore denies any allegations relating to these injuries.

203. *See* Paragraph 202, *supra.*

204. *See* Paragraph 202, *supra.*

205. *See* Paragraph 202, *supra.*

206. *See* Paragraph 202, *supra.*

**COUNT FOUR – NEGLIGENT HIRING, TRAINING, RETENTION, AND SUPERVISION**

207. Prospect incorporates by reference each of he preceding paragraphs as though fully set forth herein.

208. Paragraphs 208 through 211 contain general statements and/or interpretations of law, and do not contain any allegations against Prospect, and therefore require neither admission nor denial.

209. *See* Paragraph 208, *supra.*

210. *See* Paragraph 208, *supra*.

211. *See* Paragraph 208, *supra*.

212. Responding to Paragraphs 212 through 214, Prospect maintains that the allegations contained in Paragraphs 212 through 214 are sufficiently vague that neither an admission nor denial is required because this Paragraph merely lumps all "Defendants" together without specifying the specific allegation against Prospect. To the extent an answer is required, Prospect denies Paragraphs 212 through 214.

213. *See* Paragraph 212, *supra*.

214. *See* Paragraph 212, *supra*.

215. Responding to Paragraphs 215 through 219, Prospect maintains that the allegations contained in Paragraphs 215 through 219 are sufficiently vague that neither an admission nor denial is required because this Paragraph merely lumps all "Defendants" together without specifying the specific allegation against Prospect. To the extent an answer is required, Prospect denies Paragraphs 215 through 219. Further responding to these Paragraphs, Prospect affirmatively alleges it is not liable under a theory of negligent hiring, training, retention, or supervision. Moreover, Prospect is without sufficient information to admit or deny the existence or nature of any of Plaintiff's alleged injuries detailed in Paragraphs 215 through 219, and therefore denies any allegations relating to these injuries.

216. *See* Paragraph 215, *supra.*

217. *See* Paragraph 215, *supra.*

218. *See* Paragraph 215, *supra.*

219. *See* Paragraph 215, *supra.*

## COUNT FIVE – PUNITIVE DAMAGES

220. Prospect incorporates by reference each of he preceding paragraphs as though fully set forth herein.

221. Responding to Paragraphs 221, Prospect maintains that the allegations contained in Paragraph 221 are sufficiently vague that neither an admission nor denial is required because this Paragraph merely lumps all "Defendants" together without specifying the specific allegation against Prospect. To the extent an answer is required, Prospect denies Paragraph 221. Moreover, Prospect affirmatively alleges that the allegations in Paragraph 221 are conclusory and not premised on any specific conduct by Prospect that would warrant a claim for punitive damages.

222. Responding to Paragraphs 222, Prospect maintains that the allegations contained in Paragraph 222 are sufficiently vague that neither an admission nor denial is required because this Paragraph merely lumps all "Defendants" together without specifying the specific allegation against Prospect. To the extent an answer is required, Prospect denies Paragraph 222. Moreover, Prospect affirmatively alleges that the allegations in Paragraph 222 are conclusory and not premised on any specific conduct by Prospect that would warrant a claim for punitive damages.

223. Responding to Paragraphs 223, Prospect maintains that the allegations contained in Paragraph 223 are sufficiently vague that neither an admission nor denial is required because this Paragraph merely lumps all "Defendants" together without specifying the specific allegation against Prospect. To the extent an answer is required, Prospect denies Paragraph 223. Moreover, Prospect affirmatively alleges that the allegations in Paragraph 223 are conclusory and not premised on any specific conduct by Prospect that would warrant a claim for punitive damages.

**RULE 26.2 TIER ALLEGATION**

224. Responding to Paragraph 224, Prospect is without sufficient information to admit or deny the allegations in Paragraph 224, and therefore denies the same. Moreover, Prospect expressly denies any allegation that Plaintiff suffered or will suffer any injuries or damages as a result of any action on the part of Prospect.

**DEMAND FOR JURY TRIAL**

225. Prospect hereby demands a trial by jury in this matter.

**AFFIRMATIVE DEFENSES**

Defendant sets forth below its affirmative defenses. By setting forth these affirmative defenses, Defendant does not assume the burden of proving any fact, issue or element of a claim where such burden properly belongs to Plaintiff. Moreover, nothing stated herein is intended or shall be construed as acknowledgment that any particular issue or subject matter is relevant to Plaintiff's allegation. Further, Defendant fully reserves its rights to assert additional defenses, counter-claims, cross-claims or third-party claims and/or to amend, supplement or augment this Answer, based on further investigation and discovery.

1. Although Defendant does not presently have specific facts in support of these remaining defenses, it wishes to put counsel for Plaintiff on notice that it hereby raises the following defenses, which through subsequent discovery may indeed be supported by the facts: abatement, accord and satisfaction; anticipatory breach of contract; arbitration and award; assumption of the risk; discharge in bankruptcy; duress; estoppel; failure of consideration; failure to join indispensable parties; fraud; illegality; insufficiency of process and insufficiency of service of process; laches; lack of capacity; lack of condition precedent; economic loss rule; lack of jurisdiction of the subject matter; lack of jurisdiction of person; license; mistake; misuses of products; payment; rescission; recoupment; release; repudiation; res judicata; setoff; statute of frauds; statute of limitations; venue; waiver; and any other defense contained in Rules 8(c) and 12(b), Arizona Rules of Civil Procedure, that discovery may reveal are applicable.

2. Defendant denies all allegations within the Complaint which are not herein expressly admitted or otherwise pled in this Answer.

3. Plaintiff failed to mitigate his damages.

4. Some or all of the claims for relief asserted against Defendant were not brought with substantial justification and are in violation of A.R.S. § 12-349 et seq. thus entitling Defendant to recover its attorneys' fees and costs not to exceed $5,000.00.

5. Plaintiff's Complaint fails to state a valid claim for punitive damages. Moreover, Plaintiff's claim for punitive damages is barred or limited under Arizona state law and/or by the procedural and substantive due process guarantees, the guarantees against the taking of property in an arbitrary or irrational manner or without adequate compensation, the guarantees of equal protection of the laws, and the guarantees against undue burden upon commerce set forth in the United States Constitution.

6. Defendant affirmatively alleges that Plaintiff may lack standing for the claims asserted.

7. Plaintiff's Complaint fails to state a claim for which relief can be granted.

8. Any damages in connection with Plaintiff's claims are subject to offset and remittitur if and to the extent Plaintiff receives compensation for his alleged loss from persons other than Defendant.

9. All or a portion of Plaintiff's damages, if any, were proximately caused or contributed to by their own actions or inactions and/or the actions and/or inactions of their agents, all of which either bars or reduces on a comparative basis any recovery against Defendant.

10. Plaintiff's damages were caused in whole or in part by a third party and the damages alleged against Defendant must be reduced by the amount of comparative fault of the third party.

11. Plaintiff fails to state a claim for negligence per se because the statutes cited in support of this claim are not safety statutes.

12. Plaintiff's state law negligence, gross negligence, negligent undertaking, and negligent hiring, training, supervision, and retention claims are preempted by federal law.

# **PRAYER**

WHEREFORE, having fully answered Plaintiff's Complaint, this Defendant prays:

1. That it be dismissed;

2. That the Plaintiff take nothing thereby;

4. That this Defendant be discharged with its lawful costs and attorney fees herein incurred; and

4. For such other and further relief as the Court deems just and proper.

DATED this 18th day of December, 2024.

                      BROENING OBERG WOODS & WILSON, P.C.

                      By */s/ Jeremiah M. Sullivan*
                           Jeremiah M. Sullivan
                           Robert T. Sullivan
                           2800 North Central Avenue, Suite 1600
                           Phoenix, Arizona 85004
                           *Attorneys for Defendant Prospect Airport Services, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of December, 2024, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Mark S. O'Connor, Esq.
Jennifer B. Anderson, Esq.
Alex Morris, Esq.
BEUS O'CONNOR McGRODER PLLC
701 North 44th Street
Phoenix, AZ 85008-6504
moconnor@bomlawgroup.com
janderson@bomlawgroup.com
amorris@bomlawgroup.com
*Attorneys for Plaintiff*

Robert B. Zelms, Esq.
ZELMS ERLICH & MACK
5415 E. High Street, Suite 425
Phoenix, AZ 85054
rzelms@zellaw.com
*Attorneys for Defendants American Airlines Group, Inc. and American Airlines, Inc.*

By */s/ Suzanne Beard*